IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Francisco Olvera,<br><br>      Plaintiff,<br><br>vs.<br><br>City of Walhalla, Elijah Hayes in his official and individual capacity, and Brian Smith in his official and individual capacity,<br><br>      Defendant. | CASE NO.: 8:20-CV-02857-JD-KFM<br><br>**ANSWER TO AMENDED COMPLAINT**<br>**(Jury Trial Demanded)** |

To: Keith Denny, Attorney for Francisco Olvera:

The Defendant, City of Walhalla, answering the Amended Complaint of the Plaintiff, above named, and responding to the allegations as follows:

1. Each and every allegation of the Amended Complaint which is not specifically admitted, qualified or explained is denied and strict proof is demanded thereof.

2. The Defendant admits the allegations contained in paragraphs 1 - 3 of the Amended Complaint.

3. In response to paragraphs 4 – 7 of the Amended Complaint the Defendant admits that Hayes was acting in his authority as an officer of the Police Department of the City of Walhalla. The Defendant denies the remaining allegations contained in these paragraphs.

4. In response to paragraphs 8 – 11 of the Amended Complaint the Defendant admits that Smith was acting in his authority as an officer of the Police Department of the City of Walhalla. The Defendant denies the remaining allegations contained in these paragraphs.

5. The Defendant denies the allegations contained in paragraphs 12 - 13 of the Amended Complaint.

6. The Defendant admits the allegations contained in paragraph 14 of the Amended Complaint.

7. The Defendant denies the allegations contained in paragraph 15 of the Amended Complaint.

8. The Defendant admits the allegations contained in paragraphs 16 - 18 of the Amended Complaint.

9. The Defendant denies the allegations contained in paragraph 19 of the Amended Complaint.

10. The Defendant admits the allegations contained in paragraphs 20 - 27 of the Amended Complaint.

11. The Defendant admits so much of the allegations contained in paragraph 28 of the Amended Complaint as allege that Hayes asked the Plaintiff to put his hands behind is back but denies that the Plaintiff did not understand Hayes' instructions because of language.

12. The Defendant admits the allegations contained in paragraphs 29 - 30 of the Amended Complaint.

13. The Defendant admits so much of the allegations contained in paragraph 31 of the Amended Complaint as allege the Defendant Smith attempts to handcuff the Plaintiff while he resists. The Defendant denies the remaining allegations contained in paragraph 31 of the Amended Complaint.

14. The Defendant admits so much of the allegations contained in paragraphs 32 – 34 of the Amended Complaint as allege that the Plaintiff walked away from the officers to exit the porch and refused to stop and that he was warned he would be tased. The Defendant denies any allegations in these paragraphs inconsistent with this admission.

15. The Defendant admits so much of the allegations contained in paragraphs 35 – 50 that allege the officers deployed their Tasers to little effect and that the Plaintiff continued to argue with the officers, refused to get on the ground or to stop his exit from the scene. Plaintiff continued to move toward the stairs to exit the porch. The Defendant denies any allegations in these paragraphs inconsistent with this admission.

16. The Defendants admit so much of the allegations contained in paragraph 51 of the Amended Complaint as allege that upon deployment of the last Taser round the Plaintiff fell backwards off the stairs onto his back/side onto the concrete. The Defendants deny the remaining allegations contained in paragraph 51.

17. That the Defendant lacks sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiff, if any, and, therefore, denies the allegations of paragraph 52 of the Amended Complaint.

18. The Defendant admits the officers rolled the Plaintiff over to cuff him, the Defendant denies the remaining allegations contained in paragraph 53 of the Amended Complaint.

19. That the Defendant lacks sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiff, if any, and, therefore, denies the allegations of paragraph 54 of the Amended Complaint.

20. The Defendant admits the officer removed the Taser barbs but denies the remaining allegations contained in paragraph 55 of the Compliant.

21. That the Defendant lacks sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiff, if any, and, therefore, denies the allegations of paragraph 56 of the Amended Complaint.

22. The Defendant admits so much of the allegations contained in paragraph 57 as allege that the Plaintiff informed EMS that the pain in his shoulders was preexisting. The Defendant denies the remaining allegations contained in paragraph 57 of the Amended Complaint.

23. The Defendant lacks sufficient information to respond to the allegations contained in paragraphs 58 - 60 of the Amended Complaint and therefore denies the same.

24. The Defendant admits the Plaintiff was given a PR bond for the charge of failure to accompany. The Defendant denies the remaining allegations contained in paragraph 61 of the Amended Complaint.

25. The Defendant lacks sufficient information to respond to the allegations contained in paragraphs 62 - 66 of the Amended Complaint and therefore denies the same.

26. The Defendant admits so much of the allegations contained in paragraphs 67 and 68 of the Amended Complaint as allege that it is a member of the Municipal Association of South Carolina and that its officers are trained with regard to use of force. The Defendant denies any allegations contained in paragraphs 67 and 68 inconsistent with this admission.

27.    In response to paragraph 69 the Defendant craves reference to its responses previously pled.

28.    The allegations contained in paragraphs 70 – 83 pertain to another Defendant requiring no response from this Defendant.  To the extent this Defendant is required to respond the Defendant denies the allegations contained in paragraphs 70 – 83 of the Compliant.

29.    In response to paragraph 84 the Defendant craves reference to its responses previously pled.

30.    The allegations contained in paragraphs 85 – 98 pertain to another Defendant requiring no response from this Defendant.  To the extent this Defendant is required to respond the Defendant denies the allegations.

31.    In response to paragraph 99 the Defendant craves reference to its responses previously pled.

32.    The allegations contained in paragraphs 100 – 111 pertain to another Defendant requiring no response from this Defendant.  To the extent this Defendant is required to respond the Defendant denies the allegations.

33.    In response to paragraph 112 the Defendant craves reference to its responses previously pled.

34.    The allegations contained in paragraphs 113 – 127 pertain to another Defendant requiring no response from this Defendant.  To the extent this Defendant is required to respond the Defendant denies the allegations.

35.    In response to paragraph 128 the Defendant craves reference to its responses previously pled.

36. The Defendant denies the allegations contained in paragraphs 129 - 135 of the Amended Complaint.

37. In response to paragraph 136 the Defendant craves reference to its responses previously pled.

38. The allegations contained in paragraphs 137 – 141 pertain to another Defendant requiring no response from this Defendant. To the extent this Defendant is required to respond the Defendant denies the allegations.

39. In response to paragraph 142 the Defendant craves reference to its responses previously plead.

40. The allegations contained in paragraphs 143 – 147 pertain to another Defendant requiring no response from this Defendant. To the extent this Defendant is required to respond the Defendant denies the allegations.

41. In response to paragraph 148 the Defendant craves reference to its responses previously pled.

42. The allegations contained in paragraphs 149 – 165 pertain to another Defendant requiring no response from this Defendant. To the extent this Defendant is required to respond the Defendant denies the allegations.

43. In response to paragraph 166 the Defendant craves reference to its responses previously pled.

44. The Defendant admits the allegations contained in paragraphs 167 - 168 of the Amended Complaint.

45. In response to paragraphs 169 – 171 of the Amended Complaint the Defendant craves reference to the pleadings in the case referenced and denies any allegations contained in these paragraphs inconsistent therewith.

46. In response to paragraph 172 the Defendant craves reference to the *Armstrong* opinion and denies any allegations contained in paragraph 172 inconsistent therewith.

47. The Defendant admits the Armstrong case is controlling in this circuit. The Defendant denies the remaining allegations contained in paragraphs 173 – 174 of the Amended Complaint.

48. The Defendant denies the allegations contained in paragraphs 175 - 182 of the Amended Complaint.

49. In response to paragraph 183, the Defendant craves reference to its responses previously pled.

50. The allegations contained in paragraphs 184 – 198 pertain to another Defendant requiring no response from this Defendant. To the extent this Defendant is required to respond the Defendant denies the allegations.

51. In response to paragraph 199, the Defendant craves reference to its responses previously pled.

52. The Defendant denies the allegations contained in paragraphs 200 - 206 of the Amended Complaint.

53. In response to paragraph 207 the Defendant craves reference to its responses previously pled.

54. The Defendant denies the allegations contained in paragraphs 208 - 216 of the Amended Complaint.

55. In response to paragraph 217, the Defendant craves reference to its responses previously pled.

56. The Defendant denies the allegations contained in paragraphs 218 - 225 of the Amended Complaint.

57. In response to paragraph 226, the Defendant craves reference to its responses previously pled.

58. The Defendant denies the allegations contained in paragraphs 227 - 232 of the Amended Complaint.

## FOR A FIRST DEFENSE
### (Reservation and Non-Waiver)

59. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

60. Defendant has not had an opportunity to conduct a thorough investigation or to engage in sufficient discovery regarding the circumstances of the Plaintiff's allegations. Accordingly, Defendant reserves the right to amend this Answer to assert additional defenses as may arise during the discovery process.

## FOR A SECOND DEFENSE
### (Lack of Proximate Cause)

61. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

62. All or a portion of Plaintiff's damages claimed in this case were not proximately caused by any of the incidents alleged, and this defense of lack of

proximate cause is pled as a complete and total defense to all claims.

## FOR A THIRD DEFENSE
### (Punitive Damages Unconstitutional - Procedural Due Process)

63.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

64.     To the extent that the Amended Complaint seeks punitive or exemplary damages, it violates the right of the Defendant to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## FOR A FOURTH DEFENSE
### (Punitive Damages Unconstitutional - Substantive Due Process)

65.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

66.     To the extent that the Amended Complaint seeks punitive or exemplary damages, it violates the Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

## FOR A FIFTH DEFENSE
### (Failure to State a Claim)

67.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

68. The Amended Complaint fails to state facts sufficient to constitute a cause of action and the Amended Complaint should be dismissed pursuant to the provisions of Fed.R.Civ.P. Rule 12(b)(6).

**FOR A SIXTH DEFENSE**
**(Failure to Mitigate Damages)**

69. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

70. That the Plaintiff has failed to take prompt and reasonable action under the circumstances to avoid the occurrence of additional damages and such failure to mitigate damages constitutes a complete defense as to that portion of damages which could have been otherwise avoided by reasonable and prompt action on the part of the Plaintiff.

**FOR A SEVENTH DEFENSE**
**(Comparative Negligence)**

71. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

72. That the injuries and damages sustained by the Plaintiff, if any, were due to and caused by and were the direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of Plaintiff, and recovery should be barred or reduced in proportion to Plaintiff's negligence as provided by law. That the Plaintiff was comparatively negligent in one or more of the following particulars:

    a. In failing and omitting to use due care;

    b. In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

      c.      Upon such additional grounds as shall become evident through discovery and further development of the facts and issues, reserving all rights to make such further objections or arguments as shall be warranted.

## FOR AN EIGHTH DEFENSE
### (Comparative Negligence Reduction)

73.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

74.    In the event the alleged negligence of the Defendant operated as a fifty (50%) percent or greater proximate cause of incidents alleged, which is expressly denied and admitted solely for the purpose of this defense, Defendant is entitled to a reduction of any amount awarded to Plaintiff in an amount equal to that percentage of his negligence, recklessness and carelessness.

## FOR A NINTH DEFENSE

75.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

76.    This Defendant hereby asserts that he is entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and, therefore, Plaintiff's Amended Complaint should be dismissed.

## FOR A TENTH DEFENSE

77.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

78.    The Defendant alleges any and all limitations of liability provided by §15-78-120 of the South Carolina Code of Laws; therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR AN ELEVENTH DEFENSE**

79. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

80. This Defendant asserts any and all rights of limitations of liability pursuant to §15-78-60 of the South Carolina Code of Laws, including, all applicable subparagraphs of said code section and therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR A TWELFTH DEFENSE**

81. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

82. This Defendant asserts any and all defenses and immunities pursuant to §15-78-70 of the South Carolina Code of Laws; therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR A THIRTEENTH DEFENSE**

83. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

84. This Defendant alleges that the facts of the Plaintiff's Amended Complaint do not fall within the definition of "loss" found in §15-78-30(f) of the South Carolina Code of Laws; therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR A FOURTEENTH DEFENSE**

85. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

86. This Defendant alleges that the facts of the Plaintiff's Amended Complaint do not fall within the definition of "occurrence" as provided in §15-78-30(g) of the South Carolina Code of Laws; therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR A FIFTEENTH DEFENSE**

87. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

88. This Defendant alleges all rights pursuant to the Eleventh Amendment of the United States Constitution; therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR A SIXTEENTH DEFENSE**

89. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

90. This Defendant alleges that that Plaintiff has failed to exhaust all administrative remedies; therefore, the Plaintiff's Amended Complaint should be dismissed.

**FOR A SEVENTEENTH DEFENSE**

91. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

92. The above named Defendant alleges that a Defendant sued in their official capacity are not "persons" for purposes of liability under 42 U.S.C. §1983 and, therefore, the Plaintiff's Amended Complaint should be dismissed.

## FOR A EIGHTEENTH DEFENSE

93. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

94. The Plaintiff's Amended Complaint against the Defendant is based on *Respondeat Superior* and therefore, barred pursuant to 42 U.S.C. §1983.

CLAWSON and STAUBES, LLC

__s/Amy M. Snyder_____
Amy M. Snyder
Bar No.:  0980
1000 E North Street, Suite 200
Greenville, South Carolina  29601-3106
Phone:    (864) 331-8940
Fax:       (864) 232-2921
Email:     asnyder@clawsonandstaubes.com
Attorney for City of Walhalla

June 11, 2021